IsidoR Bregoff, Respondent, *v.* Jesse B. Mitchell, Appellant.

First Department, May 27, 1938.

*James Dempsey, Jr.,* of counsel [*Frank J. Mahony* with him on the brief; *James Dempsey,* attorney], for the appellant.

*I. Bregoff* of counsel [*Charles E. McGee,* attorney], for the respondent.

*Paul Balsam, Assistant Attorney-General,* of counsel [*Joseph A. McLaughlin, Assistant Attorney-General,* with him on the brief; *John J. Bennett, Jr., Attorney-General,* attorney], for the Industrial Commissioner of the State of New York, as *amicus curiæ.*

CALLAHAN, J. Defendant, an injured workman, was awarded compensation in the sum of $5,472.83 by the Industrial Board. The insurance carrier having gone into liquidation, plaintiff, an attorney, alleges that he was retained by defendant to collect the award from the carrier. Defendant recovered $2,736.41 by way of dividends in the liquidation proceedings. Plaintiff sued for one-third thereof ($912.13), contending that his contract provided for the payment of that sum to him.

Plaintiff-respondent's brief sets forth that a judgment had been entered against the employer for the amount of the award. It also asserts that the award had merged into a judgment before the hiring. We find nothing in the record to support the statement concerning the entry of judgment. In any event, no judgment had been entered against the insurance carrier from which the plaintiff was to seek collection.

Plaintiff's action to recover for his services having been reached for trial, an agreement was made to settle the same by the payment of $500 on or before a fixed date, with the provision that judgment might be entered as demanded in the complaint in the event of non-payment.

Before the date fixed for the payment of the $500, defendant moved to be relieved of the stipulation of settlement and for a new trial, on the ground of newly-discovered evidence. His papers set forth that after the stipulation was entered into he learned that the Attorney-General had performed all of the services resulting in the collection of his claim in the liquidation proceedings. Defendant also claimed that since the settlement there had been revealed to him the contents of a letter written by plaintiff which supported defendant's defense that the plaintiff had been acting as attorney for a labor union, and not for defendant. Defendant shows that the existence of this letter was not known to him before the settlement. The moving papers also raised the point that under section 24 of the Workmen's Compensation Law the hiring was illegal.

The court below denied the motion to vacate the stipulation. Thereupon judgment was entered in plaintiff's favor for the full amount sued for. The present appeal is from the order denying the motion to vacate and from the judgment entered on the said stipulation.

Under the circumstances appearing herein, the court retained jurisdiction of the action after the agreement of settlement was entered into, and it was empowered to relieve the defendant from his stipulation, if the interests of justice warranted the granting of that relief. We think that the relief should have been granted.

Section 24 of the Workmen's Compensation Law provides that claims of attorneys and counselors for legal services in connection with any claim arising under that law shall not be enforcible unless approved by the Industrial Board. It is conceded that no such approval was obtained here.

The agreement sued on herein is one in connection with the collection of a claim for compensation. Whether the section would apply if the services were rendered in attempting to collect a judgment, we need not determine. No such judgment appears to have been rendered against the insurance carrier herein.

The judgment and orders should be reversed, and the motion to be relieved from the stipulation and for a trial *de novo* of the issues in the action granted, with costs to the appellant to abide the event.

MARTIN, P. J., UNTERMYER, DORE and COHN, JJ., concur.

Judgment and orders unanimously reversed, and the motion to be relieved from the stipulation and for a trial *de novo* of the issues in the action granted, with costs to the appellant to abide the event.