Philip Wagner, J.
In March, 1962, defendant, while employed in the United States Post Office at the Grand Central Station, was injured in the course of his employment due to the negligence of the New York Central Railroad.
His injuries required hospitalization, surgery and subsequent treatment. The medical director of the Bureau of Employees’ Compensation had advised the defendant to obtain such medical services at the United States Public Health Hospital in Staten Island or be personally liable for any hospital, medical and surgical bills.
*600 The defendant refused to go to the United States Public Health Hospital, insisting that he would have his operation and treatment at the Grand Central Hospital where he had been taken following the accident. Subsequently, this hospital billed the defendant for the services he received there.
In the meantime, the defendant retained the plaintiff, an attorney, to institute a third-party action against the New York Central Bailroad and to aid him in filing a claim with the Federal Workmen’s Compensation Bureau.
The Compensation Bureau approved the defendant’s claim except as it related to the medical services and treatment he received at the Grand Central Hospital.
After plaintiff had considerable correspondence with the Bureau of Compensation, the Bureau agreed to assume the hospital charges which arose out of the accident.
Subsequently, the defendant agreed to pay the plaintiff $600 for the services he .rendered in connection with the dispute about the hospital charges.
Pursuant to the agreement, defendant paid $75 and agreed to pay the balance when the third-party action was settled.
In the interim, plaintiff was substituted in the third-party action by another attorney who settled the action for $15,000 of which defendant received $2,500.
Plaintiff now sues to recover the balance due on the $600.
Defendant resists such payment as being barred by Federal statute.
The right to attorneys’ fees in workmen’s compensation is wholly dependent on the provisions of the acts, and fees are allowable as permitted under the act. (101 C. J. S., Workmen’s Compensation, § 818.)
Compensation' includes any benefits paid for from the Employees’ Compensation Fund (U. S. Code, tit. 5, § 8101, subd. [12]).
The funds used to pay the Grand Central Hospital were paid from the Employees’ Compensation Fund.
Under subdivision (b) of section 8127 of title 5, a claim for legal services is valid only if it is approved by the Secretary of Labor.
The above section is very clear and does not provide for any exception.
The New York State workmen’s compensation statute has a similar provision as that of the Federal statute and it has been held that unless approval has been obtained by the Industrial Board, legal services in connection with any claim arising under *601 the law shall not be enforceable (Bregoff v. Mitchell, 254 App. Div. 263).
Where, as here, an attorney renders legal services to an injured employee in connection with his claim for compensation, or for benefits provided by the compensation law, he can obtain his fees only as provided by the statute.
The court, therefore, renders judgment for defendant and against plaintiff in accordance with the facts and circumstances herein.
All motions upon which the court reserved decision, and not otherwise disposed of, are denied.